**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREMONT INVESTMENT
AND LOAN INC.,
      Plaintiff,               CIVIL ACTION NO. 07-CV-11113

 VS.                            DISTRICT JUDGE LAWRENCE P. ZATKOFF

EDWARD TOBEY, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (DOCKET NOS. 18, 19) AND DENYING PLAINTIFF'S MOTIONS TO DEEM REQUESTS FOR ADMISSION ADMITTED (DOCKET NOS. 20, 21)**

This matter comes before the Court on four motions filed on November 1, 2007: 1) Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants Loan Max, Inc. and George Zivan (docket no. 18); 2) Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Edward Tobey (docket no. 19); 3) Plaintiff's Motion to Deem Requests for Admission Admitted to Defendant Tobey (docket no. 20); and 4) Plaintiff's Motion to Deem Requests for Admission Admitted to Defendants Loan Max, Inc. and Zivan (docket no. 21). Defendants Loan Max, Inc., Zivan and Tobey filed no responses to Plaintiff's Motions. Plaintiff filed a Joint Statement of Issues Resolved and Unresolved on December 3, 2007, but could not obtain concurrence from Defendants in filing the Joint Statement. (Docket no. 31). The Court served an Amended Notice of Hearing on the Motions on November 20, 2007 noticing the hearing for December 10, 2007. (Docket no. 27). The Court conducted a hearing on the motions on December 10, 2007, however Defendants

did not appear. These motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 23). The matters are now ready for ruling.

This is an action in which Plaintiff, a wholesale mortgage lender, alleges that Defendant Loan Max, Inc. submitted a false loan package for borrower and Defendant Tobey. The loan is for a parcel of property at 2747 Harris Road NW, Kalkaska, Michigan. Plaintiff alleges that Defendant Zivan is the sole shareholder and alter ego of Loan Max, Inc. and further alleges that Defendant Nader prepared a false appraisal of the property. Defendant Tobey defaulted on the loan and Plaintiff foreclosed on the Property. Plaintiff's Motion to Compel as to Defendant Nader was resolved and withdrawn prior to the hearing. (Docket nos. 17, 25, 26).

1.  *Plaintiff's Motions to Compel Answers to Interrogatories and Document Requests*

Plaintiff served its First Sets of Interrogatories, Requests for Admissions and Requests for Production of Documents on all Defendants on September 7, 2007. (Docket nos. 18-3, 19-3). Defendants Loan Max, Inc., Zivan and Tobey did not answer, object or otherwise respond to Plaintiff's discovery requests. On October 24, 2007 Plaintiff's counsel sent correspondence via email to counsel for Loan Max, Inc. and Zivan and by letter to Defendant Tobey (in pro per) notifying them that the responses were past due and unless they were received promptly, Plaintiff would file a Motion to Compel. (Docket nos. 18-4, 19-4, 20-4, 21-4). As of the date of the hearing, Defendants still had not responded to the Discovery Requests.

Fed. R. Civ. P. 26(b) allows for discovery of information that is relevant and not privileged. Under Fed. R. Civ. P. 37(a)(2)(B), the Court can compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or fails to properly respond to a request submitted under Rule 34. Plaintiff served nine Requests to Produce on Defendants Loan Max, Inc. and Zivan. They are Nos. 8, 10, 12, 22, 24, 27, 29, 33 and 34. Plaintiff served eleven Requests to Produce on Defendant Tobey.

2

They are Nos. 18, 19, 24-28, 34, 37, 43 and 44. Plaintiff served the following Interrogatories on Defendants Loan Max, Inc. and Zivan: Nos. 1-7, 9, 11, 13, 14, 16, 18, 20, 21, 23, 26, 28, 30, 31, 32, 35, 36. Plaintiff served the following Interrogatories on Defendant Tobey: Nos. 1-15, 17, 21, 23, 30, 32, 33, 35, 36, 39, 40, 41, 42, 45 and 46.

The Requests to Produce and the Interrogatories seek information that is relevant to the claims or defenses in this action. Defendants failed to respond or object to the Requests to Produce and Interrogatories, and Defendants do not allege that the Requests to Produce or Interrogatories seek privileged information. Defendants filed no Response to Plaintiff's Motion to Compel and did not appear for the hearing. The Court will order Defendants Loan Max, Inc., Zivan and Tobey to produce documents responsive to Plaintiff's Requests to Produce and answer the Interrogatories as set forth below.

   2.   *Plaintiff's Motion to Deem Requests for Admission Admitted*

"A party may serve upon any other party a written request for the admission, . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed. R. Civ. P. 36(a). A request for admission is deemed admitted unless the responding party serves an answer or objection within 30 days after service of the request. Fed. R. Civ. P. 36(a).

Plaintiff served Request for Admission Nos. 15, 17, 19 and 25 to Defendants Loan Max, Inc. and Zivan and Nos. 16, 20, 22, 29, 31 and 38 to Defendant Tobey. Defendant Tobey is not represented by counsel in this matter. However, a non-attorney proceeding *pro se* is still bound by the Federal Rules

3

of Civil Procedure, including Fed. R. Civ. P. 36. *See United States v. Sopcak*, 1990 U.S. Dist. LEXIS 19706 * 5 (E.D. Mich. Jan. 16, 1990).

Defendants Loan Max, Inc., Zivan and Tobey did not answer Plaintiff's Requests for Admissions, did not file a response to Plaintiff's Motions to Deem Requests for Admission Admitted and did not appear for the hearing on the matters. The Court will order Defendants Loan Max, Inc., Zivan and Tobey to answer the Requests for Admission fully and completely without objections as set forth below.

### 3. *Plaintiff's Request for Costs and Attorneys Fees*

Fed. R. Civ. P. 37(a)(4) provides that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants Loan Max, Inc., Zivan and Tobey did not serve responses, answers or objections to Plaintiff's discovery requests, thus necessitating these Motions. Furthermore, these Defendants did not respond to Plaintiff's Motions as required under E.D.Mich. LR 7.1 and did not appear for the hearing on Plaintiff's Motions. Plaintiff has shown that it attempted in good faith to resolve these issues prior to filing its Motions. The Court will grant Plaintiff's Motions as to the requests for reasonable expenses including attorneys fees incurred in bringing the Motions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants Loan Max, Inc.

and Zivan (docket no. 18) is **GRANTED** and on or before December 28, 2007 Defendants Loan Max, Inc. and Zivan will produce documents responsive to Plaintiff's Request to Produce and Document Requests and answer fully and completely Plaintiff's Interrogatories.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Tobey (docket no. 19) is **GRANTED** and on or before December 28, 2007 Defendant Tobey will produce documents responsive to Plaintiff's Request to Produce and Document Requests and answer fully and completely Plaintiff's Interrogatories.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deem Requests for Admission Admitted to Defendants Loan Max, Inc. and Zivan (docket no. 21) is **DENIED** without prejudice and the Requests for Admission are not deemed admitted.

**IT IS FURTHER ORDERED** that Defendants Loan Max, Inc. and Zivan will answer fully and completely and without objections Plaintiff's Requests for Admission and serve their Answers on or before December 28, 2007.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deem Requests for Admission Admitted to Defendant Tobey (docket no. 20) is **DENIED** without prejudice and the Requests for Admission are not deemed admitted.

**IT IS FURTHER ORDERED** that Defendant Tobey will answer fully and completely and without objections Plaintiff's Requests for Admission and serve his Answers on or before December 28, 2007.

**IT IS FURTHER ORDERED** that Plaintiff's Request for attorneys fees and costs associated with bringing the Motions is **GRANTED** and Plaintiff will provide to the Court on or before

December 14, 2007 its bill of costs for reasonable expenses including attorneys fees incurred in bringing these Motions.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 17, 2007             s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 17, 2007             s/ Lisa C. Bartlett
                                     Courtroom Deputy