**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FREMONT INVESTMENT**
**AND LOAN, INC.,**
   **Plaintiff,**       **CIVIL ACTION NO. 07-CV-11113**

 **VS.**            **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**EDWARD TOBEY, et al.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**

   **Defendants.**

           /

## ORDER DENYING PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES INCLUDING ATTORNEYS FEES

  This Court in its Order of December 17, 2007 (docket no. 33) directed Plaintiff to submit a Bill of Costs for the reasonable expenses including attorney's fees associated with Plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants Loan Max, Inc. and Zivan filed on November 1, 2007 (docket no. 18) and Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Tobey filed on November 1, 2007 (docket no. 19)[1]. Plaintiff filed its Bill of Costs on December 12, 2007. (Docket no. 32). Plaintiff failed to produce sufficient evidence to permit the Court to determine whether the expenses claimed, including attorney's fees, were reasonable.

  "Generally, an inquiry into the reasonableness of attorneys' fees involves a determination of the suitability of the number of hours expended and an analysis of the propriety of the hourly fee charged. *See Bodenhamer Building Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th

---

  [1]Judgment has not yet been entered in this action, therefore this is a pretrial motion.

Cir. 1993). This inquiry results in the calculation of the "lodestar" figure (the reasonable hourly rate times reasonable hours expended). *See id.* In addition, a court considers the professional standing, skill and experience of the attorney when calculating the reasonable hourly rate. *See id.; Swain v. Encore Medical Corp.*, No. 04-174, 2006 U.S. Dist. LEXIS 89607 *3 (W.D. Pa. Dec. 12, 2006).

Plaintiff's Bill of Costs does not identify who performed the listed services. Further, Plaintiff did not provide the hourly rates for the providers or information regarding the professional standing, skill and experience of the person providing the legal services. Finally, the bill of costs lacks any supporting affidavit attesting to the time spent on the matters, the attorneys' experience and skill and that the listed expenses relate only to the named motions. It is incumbent upon a party wishing to recover fees "to make some calculation that is capable of review." *Bodenhamer Building Corp.,* 989 F.2d at 221-22. This information is not in the record before the Court and therefore the Court cannot properly exercise its discretion to determine the reasonableness of the hourly fees and the suitability of the hours expended.

**IT IS THEREFORE ORDERED** that Plaintiff's request for reasonable expenses including attorneys' fees associated with Plaintiff's Motions to Compel (docket nos. 18 and 19) and ordered by the Court on December 17, 2007 (docket no. 33) is denied because Plaintiff did not provide adequate information in the record for the Court to make such an award.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: March 18, 2008	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 18, 2008	s/ Lisa C. Bartlett
	Courtroom Deputy