UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREMONT INVESTMENT & LOAN,

    Plaintiff,

v                                                     Case No. 07-cv-11113
                                                     HON. LAWRENCE P. ZATKOFF

EDWARD TOBEY,
LOAN MAX, INC.,
GEORGE ZIVAN, and
EDWARD J. NADER, JR.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 22, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On January 4, 2008, Plaintiff filed a Motion to Impose Sanctions upon Defendants Loan Max, Inc. and George Zivan. In that Motion, Plaintiff requested that the Court impose sanctions pursuant to Fed. R. Civ. P. 37, including entry of a default judgment against the named Defendants[1] who did not respond to Plaintiff's Motion. The Court issued Defendants a show cause order on February 6, 2008, asking them to explain why a default judgement should not be entered. Defendants did not answer the show cause order, and the Court entered default judgments against them on February 28, 2008. Currently before the Court is Defendants' Motion to Set Aside Default

---

[1] The default judgment was entered only against Defendants Loan Max, Inc. and George Zivan. Accordingly, for purposes of this Opinion and Order, "Defendants" refers only to Loan Max, Inc. and George Zivan.

Judgment [dkt 41]. The parties have fully briefed the Motion, and the Court held a hearing on April 30, 2008. For the reasons set forth below, Defendants' Motion is GRANTED subject to the requirements of the Court set forth below.

## II. BACKGROUND

Plaintiff entered into a Mortgage Broker Agreement with Defendant Loan Max, Inc. that was signed by Defendant George Zivan. Under the Agreement, Loan Max was obligated to provide Plaintiff with accurate loan applications for all borrowers. In October 2005, Loan Max submitted to Plaintiff an application for a $106,000 mortgage loan on behalf of Edward Tobey. Zivan signed off on the application, which contained false information relating to employment, income, and appraisal. Plaintiff, unaware of the fabrications, extended the loan to Tobey who immediately defaulted.

As the following time line illustrates, Plaintiff has encountered various difficulties in obtaining discovery from Defendants:

- September 7, 2007: Plaintiff served its First Set of Interrogatories, Requests for Admissions, and Request for Production;

- September 25, 2007: Defense counsel failed to attend the Court's Scheduling Conference;

- November 1, 2007: After receiving no responses to its discovery requests, Plaintiff filed a Motion to Compel;

- December 10, 2007: Defendants failed to appear for a hearing before Magistrate Majzoub;

- December 14, 2007: Defendants served Plaintiff with some documents but did not respond to any of the Interrogatories or Requests for Admissions. Defendants produced emails but not the attachments contained therein;

- December 17, 2007: Magistrate Majzoub granted the Motion to Compel and demanded that Defendants produce requested discovery by December 28, 2007;

- December 18, 2007: Plaintiff renewed its request for responses to Interrogatories and Requests for Admissions and asked Defendants to produce the email attachments;

- January 4, 2008: Plaintiff filed its Motion to Impose Sanctions;

- January 8, 2008: Defendants submitted to Plaintiff "rough draft answers" with a promise to send final signed answers;

- January 10, 2008: Plaintiff requested complete responses to its discovery requests and production of all attachments to emails;

- February 6, 2008: The Court issued a show cause order to Defendants to explain why a default judgment should not be entered; Defendants response was due before the Court by February 15, 2008;

- February 8, 2008: Plaintiff again requested complete responses to its discovery requests and production of all attachments to emails;

- February 28, 2008: Having received no response to the show cause order, the Court entered a default judgment against Defendants; and

- March 18, 2008: Loan Max's former employee produced some email attachments pursuant to subpoena.

Plaintiff maintains that it still has not received Loan Max's 2006 Financial Statement, any correspondence or documents from Loan Max's computer hard drive or hard-copy files, or complete responses to five of its discovery requests. Plaintiff also alleges that Defendants never submitted final signed answers as they had promised to do.

Defendants suggest a completely different story of joyful cooperation. Defendants maintain that they complied with discovery orders, and the relevant depositions were taken. Defendants' counsel claims that he was in South Africa from January 15, 2008, until February 2, 2008, and, upon his return, "did not see [the show cause order] or would have certainly responded." Defendants'

3

counsel further contends that he thought discovery issues were at an end. For similar reasons, he defends his failure to appear before Magistrate Majzoub, stating that "there was no need for these hearings [because] Defendants were complying with the myriad requests of Plaintiff's counsel." Defendants' counsel also argues that any transgressions were the result of "[d]efense counsel's sloppy practice," including his failure to confirm with Plaintiff's counsel that she would dismiss her discovery motions.

## III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment in the following situations: 1) mistake, inadvertence, surprise, or excusable neglect; 2) upon newly discovered evidence; 3) fraud; 4) void judgments; 5) judgments that have been satisfied, released, or discharged; or 6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The Sixth Circuit recognizes the relevance of several factors when reviewing the imposition of sanctions under Rule 37: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

## IV. ANALYSIS

Defendants argue that the default judgment should be set aside pursuant to Fed. R. Civ. P. 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect).[2] In what reduces essentially to an

---

[2] Defendants also seek, without explanation, relief under Fed. R. Civ. P. 60(b)(3), which is the subsection covering instances of fraud. The Court finds that this subsection is inapplicable to the present matter.

excusable-neglect argument, Defendants' counsel contends that his clients should not be punished for his mistakes and that, if the Court deems sanctions appropriate, they should be applied only to him. Defense counsel also addresses the merits of the case, arguing that Zivan should not be personally liable because Plaintiff has not taken adequate measures to pierce the corporate veil.

Plaintiff responds that the default judgment was appropriate given Defendants' repeated failures to comply with discovery orders. Plaintiff argues that "[t]he burden of proof is on the defaulted party to establish that the failure to comply was due to inability, and not to willfulness, bad faith or any fault of the party." Because Defendants cannot meet this burden, Plaintiff submits that setting aside the default judgment would be inappropriate. In order to consider the prejudice suffered by Plaintiff resulting from Defendants' alleged noncompliance, the Court asked Plaintiff to submit a summary of costs incurred in attempts to obtain discovery. In response, Plaintiff submitted a Statement of Summary of Reasonable Costs Incurred totaling $9,729.81.

In the context of default judgments, Rule 60 is "liberally construed in order to provide relief from onerous consequences." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Any doubts should be resolved in favor of setting aside a default judgment because the interests of justice are best met by addressing the merits of a case. *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959). Despite the liberal construction to be afforded motions under Fed. R. Civ. P. 60, some courts have held that attorney negligence because of preoccupation does not constitute "excusable neglect." *See, e.g.*, *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130 (11th Cir. 1986).

In this case, Defendants' counsel repeatedly ignored Court orders. He presents several explanations for his behavior, none of which the Court finds persuasive. First, counsel admits that he did not appear for a hearing before Magistrate Majzoub but claims that he did not think the

5

hearing was necessary. Second, Defendant's counsel justifies his failures to respond and appear by stating that he thought Plaintiff's counsel would withdraw her motions. Lastly, Defendants' counsel alleges that he "missed" the Court's show cause order because he had been out of town and was inundated with emails upon his return. Yet, counsel knew that a Motion for Sanctions was pending eleven days before he left for his vacation; he chose not to respond to the Motion. Further, he returned from his vacation four days before the Court entered its show cause order. Taken together, these shortcomings do not constitute "excusable neglect." Accordingly, the Court cannot award relief from the default judgment under Fed. R. Civ. P. 60(b)(1).

The federal rules include a residual provision whereby the Court may set aside a default judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This clause "gives the courts ample power to vacate judgments whenever that action is appropriate to accomplish justice." Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2864, at 350 (1995). In circumstances similar to this case, the Sixth Circuit affirmed the trail court's decision to set aside a dismissal under the authority of Fed. R. Civ. P. 60(b)(6) where "the neglect of counsel was a prime factor resulting in the dismissal." *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990). In rendering its decision, the trial court had considered the "broad equities of the case," including the distance between the court and the plaintiff's residence, the plaintiff's repeated inquiries into his case, and the lack of undue prejudice to the defendant. *Id.*

Like the dismissal in *Fuller*, the default judgment entered in the present case arose from the neglect of Defendants' counsel. While Plaintiff has suffered prejudice in the form of additional costs and investment of time, the Court is hesitant to find such prejudices undue when balanced against the preference for decisions on the merits of the case. Defendants' counsel has encouraged the Court

6

to impose any sanction against him personally, and in his response to Plaintiff's Statement of Summary of Reasonable Costs Incurred, Defendants' counsel acknowledges that "[i]t would seem that after taking all of this into consideration that the $2,500 asked for by Plaintiff for procedural, but not substantive, problems with discovery would be appropriate." The Court finds that such a sanction will appropriately penalize Defendants' counsel and deter future "sloppy practice." When considering the equities of this case, the Court concludes that the interest of justice demands that the default judgment be set aside.

## V. CONCLUSION

Based on the foregoing,

IT IS FURTHER ORDERED that Defendants' counsel, Paul Clark, personally compensate Plaintiff in the amount of $2,500; such payment represents a condition precedent to setting aside the default judgment.

IT IS FURTHER ORDERED that upon Defendant's counsel, Paul Clark, satisfying his payment of $2,500, the default judgment against Defendants Loan Max, Inc. and George Zivan will be set aside.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: May 22, 2008

                              CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on May 22, 2008.


                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290